J. S63009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
v.         :
:
RICHARD PATRICK,         :         No. 2428 EDA 2015
:
Appellant   :

Appeal from the PCRA Order, June 30, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0500781-2003

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED SEPTEMBER 20, 2016**

Richard Patrick appeals, **_pro se_**, from the order of June 30, 2015, dismissing his second PCRA[1] petition as untimely.  We affirm.

On December 13, 2001, appellant shot and killed the victim, Demetrius Highsmith.[2]  A jury trial commenced on April 29, 2004, following which appellant was found guilty of third degree murder, carrying a firearm

---

* Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] The facts of this case, which are not germane to the instant appeal, may be found in this court's prior memorandum of September 15, 2010, affirming the dismissal of appellant's first PCRA petition. **Commonwealth v. Patrick**, No. 1562 EDA 2009, unpublished memorandum at 1-6 (Pa.Super. filed Sept. 15, 2010).

on public streets or public property, and possessing an instrument of crime.[3] On July 15, 2004, appellant was sentenced to an aggregate of 21 to 45 years' incarceration. This court affirmed the judgment of sentence, and our supreme court denied allowance of appeal. *Commonwealth v. Patrick*, 895 A.2d 649 (Pa.Super. 2006) (unpublished memorandum), *appeal denied*, 906 A.2d 541 (Pa. 2006).

Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court; however, on July 6, 2007, appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition on appellant's behalf. On May 4, 2009, following Rule 907[4] notice, appellant's petition was dismissed without a hearing. On September 15, 2010, this court affirmed, and on March 29, 2011, our supreme court denied appellant's petition for allowance of appeal. *Commonwealth v. Patrick*, 13 A.3d 984 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 19 A.3d 1050 (Pa. 2011).

---

[3] 18 Pa.C.S.A. §§ 2502, 6108, and 907, respectively.

[4] Pa.R.Crim.P. 907.

Appellant filed the instant, untimely petition on February 6, 2015. Appellant's petition was dismissed as untimely filed on June 30, 2015.[5] A timely notice of appeal was filed on July 13, 2015. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on March 22, 2016, the PCRA court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

1.    Was trial counsel ineffective for failing to locate and subpoena defense witnesses?

2.    Was trial counsel ineffective for failing to move for suppression of identification evidence prior to trial, and/or seek a line-up?

3.    Did the prosecutor commit reversible error when he argued facts not in the evidence during his closing argument to the jury?

Appellant's brief at 7 (capitalization deleted).

---

[5] We note that appellant was not served with Rule 907 notice prior to dismissal of his second petition; although he does not raise the issue in his brief on appeal, appellant did object to the lack of Rule 907 notice in his notice of appeal. (Docket #23.) *Cf. Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa.Super. 2000) (defendant waived issue of trial court's failure to issue 20-day notice of intention to dismiss post-conviction petition, as required by the Rules of Criminal Procedure, where defendant failed to raise the issue on appeal). Rule 907 notice is mandatory, *see Commonwealth v. Feighery*, 661 A.2d 437 (Pa.Super. 1995) (*Feighery* discussed Pa.R.Crim.P. 1507, which was renumbered as Rule 907 as of April 1, 2001); however, it is well established that this court will not remand for compliance with the rule where the petition is manifestly untimely and no exception to the jurisdictional one-year time bar applies, which is the case here. *See Commonwealth v. Lawson*, 90 A.3d 1, 5-6 (Pa.Super. 2014) (where the PCRA petition is untimely, the failure to provide Rule 907 notice is not reversible error) (citations omitted).

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa.Super. 2008), ***appeal denied***, 956 A.2d 433 (Pa. 2008), quoting ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super. 2003); ***Commonwealth v. Vega***, 754 A.2d 714, 717 (Pa.Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1).

> To invoke an exception, a petition must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

**Id.** at 1079-1080. "To invoke an exception, the petitioner must plead it and satisfy the burden of proof." **Commonwealth v. Geer**, 936 A.2d 1075, 1077 (Pa.Super. 2007), **appeal denied**, 948 A.2d 803 (Pa. 2008), citing **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

> "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 606 Pa. 64, 994 A.2d 1091, 1093 (2010) (quoting ***Commonwealth v. Chester***, 586 Pa. 468, 895 A.2d 520, 522 (2006)). Statutory time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." [***Commonwealth v.***] ***Fahy***, 737 A.2d [214] at 222 [Pa. 1999].

***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa.Super. 2014).

Instantly, the Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal on August 29, 2006. ***Commonwealth v. Patrick***, 906 A.2d 541 (Pa. 2006). Therefore, appellant's judgment of sentence became final for PCRA purposes on Monday, November 27, 2006, upon expiration of the time to file a petition for writ of ***certiorari*** with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1 (petition for writ of ***certiorari*** is deemed timely when it is filed within 90 days after denial of ***allocatur***). Appellant filed the current petition, his second, on February 6, 2015, over 9 years later. Therefore, appellant's current PCRA petition is manifestly untimely on its face.

Appellant raises several claims of trial counsel ineffectiveness, including failure to call Deanna Myers as a witness, failure to request a line-up identification prior to trial, failure to request a ***Kloiber***[6] instruction

---

[6] ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).

regarding the testimony of Russell Sims, and failure to object to alleged prosecutorial misconduct during closing argument. It is well settled that claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time bar of the PCRA. **See Gamboa-Taylor**, 753 A.2d at 783 (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); **see also Commonwealth v. Breakiron**, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not avoid the timeliness requirement of the PCRA). **Cf. Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (where appointed counsel had abandoned the appellant by failing to file an appellate brief, resulting in dismissal of the appeal, this allegation brought the appellant's claim within the ambit of Subsection 9545(b)(1)(ii)).

Appellant has failed to plead any exception to the one-year filing requirement. As appellant's petition is untimely, the PCRA court correctly concluded that it lacked jurisdiction to consider it, as does this court. **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa.Super. 2002) (PCRA court lacks jurisdiction to hear an untimely petition); **Bennett**, **supra** (PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa.Super. 2002) (Superior Court lacks

jurisdiction to reach the merits of an appeal from an untimely PCRA petition).

As appellant's petition, his second, is patently untimely and appellant has failed to plead and prove the applicability of any exception to the PCRA's time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of appellant's issues and did not err in dismissing appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016